UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENRIETTA ELIZABETH ARNOLD SIMPSON,

    Plaintiff,

v.        Case No. 21-CV-1002

UNITED STATES POSTAL SERVICE,

    Defendant.

### DECISION AND ORDER

**1. Background**

Henrietta Elizabeth Arnold Simpson is again before this court with a suit against her employer, the United States Postal Service. *See Simpson v. Dejoy*, No. 21-1547, 2021 U.S. App. LEXIS 38434 (7th Cir. Dec. 28, 2021); *Simpson v. Dejoy*, No. 19-CV-789, 2021 U.S. Dist. LEXIS 38485 (E.D. Wis. Mar. 2, 2021).

This action was subject to significant delays due to Arnold Simpson's repeated failures to properly serve the defendant, and then once the defendant was finally served it failed to timely answer or otherwise respond to the complaint. The defendant eventually filed a motion to dismiss or in the alternative for summary judgment. (ECF No. 28.) Arnold Simpson responded (ECF No. 32) and then supplemented her response

(ECF No. 33), and the defendant replied (ECF No. 34). All parties have consented to the full jurisdiction of a magistrate judge in accordance with 28 U.S.C. § 636(c). (ECF Nos. 3, 36.)

The defendant argues that dismissal is appropriate because Arnold Simpson failed to exhaust her administrative remedies before filing this action. (ECF No. 29 at 4.) In response, Arnold Simpson explains why she filed this suit and reiterates her complaints about her employment. She states she wants "a settlement and a supervisor position." (ECF No. 32 at 5 and 6.) She does not address the exhaustion of her administrative remedies.

2. **Applicable Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint on the grounds that it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

At the motion to dismiss stage the court is required to assume that every well-pleaded allegation in the complaint is true and to draw all reasonable inferences in favor of the plaintiff. *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 621 (7th Cir. 2020). The

court may disregard only fantastic or delusional allegations. *Huber v. Beth*, No. 21-C-0969, 2023 U.S. Dist. LEXIS 16636, at *5 (E.D. Wis. Feb. 1, 2023). Aside from the complaint itself, the court can consider only "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *O'Brien*, 955 F.3d at 621 (quoting *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013)).

Along with its motion, the defendant submitted a declaration of the Postal Service's regional EEO dispute resolution manager (ECF No. 30) and certain documents related to the complaint that Arnold Simpson submitted to the Postal Service (ECF Nos. 30-1; 30-2; 30-3; 30-4). These submissions are properly before the court on a motion to dismiss because Arnold Simpson referred to these proceedings in her complaint by having appended to her complaint the "Notice of Right to File Individual Complaint" dated August 11, 2021 (ECF No. 1-1).

3. **Analysis**

A federal employee must exhaust her administrative remedies before filing a civil suit under the Title VII or the Rehabilitation Act. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009); *Patel v. Brennan*, No. 20-cv-2238, 2021 U.S. Dist. LEXIS 240385, at *31 (N.D. Ill. Dec. 16, 2021) (citing *Green v. Brennan*, 578 U.S. 547, 553 (2016); *Perkins for Est. of Perkins v. Brennan*, 821 F. App'x 630, 632 (7th Cir. 2020); *Formella v. Brennan*, 817 F.3d 503, 510 (7th Cir. 2016)); *cf. Swain v. Wormuth*, 41 F.4th 892, 896 n.2 (7th Cir. 2022).

As a first step, a federal employee must consult an Equal Employment Opportunity (EEO) counselor within 45 days of the alleged discrimination. 29 C.F.R. § 1614.105. If that informal process does not resolve the complaint, the employee then has 15 days in which to bring a formal administrative charge of discrimination. 29 C.F.R. § 1614.106(b). Upon the completion of the formal complaint process, the employee has the option to either appeal to the Equal Employment Opportunity Commission or to file a lawsuit in federal court. 29 C.F.R. § 1614.110(a).

Arnold Simpson completed, at most, only the first step. (ECF No. 30, ¶ 5.) She failed to bring any formal charge of discrimination related to the allegations in her complaint. Because Arnold Simpson has not exhausted her administrative remedies, this action must be dismissed.

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss (ECF No. 28) is **granted**. Henrietta Elizabeth Arnold Simpson's complaint and this action are dismissed. The Clerk shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an

extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 7th day of November, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge